**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kenneth L. GOUIN, Defendant— Appellant.**

**No. 08–30244.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2009.

Filed April 22, 2009.

---

Helen J. Brunner, Esquire, Susan Blair Dohrmann, Esquire, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Ralph Hurvitz, Law Offices of Ralph Hurvitz, Seattle, WA, for Defendant–Appellant.

\* This disposition is not appropriate for publication and is not precedent except as provided

Before: B. FLETCHER, TASHIMA and THOMAS, Circuit Judges.

### MEMORANDUM \*

Kenneth Gouin appeals his conviction under 18 U.S.C. § 2252(a)(4)(B). Because the parties are familiar with the facts and procedural history, we will not recount it here.

We review a sufficiency of the evidence claim *de novo. United States v. Jiang,* 476 F.3d 1026, 1029 (9th Cir.2007). "Evidence is sufficient to support a conviction unless, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements beyond a reasonable doubt." *United States v. Doe,* 136 F.3d 631, 636 (9th Cir.1998).

Viewing the facts in the light most favorable to the prosecution, we conclude there was sufficient evidence from which a rational trier of fact could conclude that the images were transported or shipped in interstate commerce. The government presented sufficient evidence to prove that many if not all of the images possessed by Gouin in Washington came from different states or foreign countries. Gouin admitted he downloaded the pictures from the internet and believed some of the images came from Japan. The government presented testimony that the FBI has not found a website hosting child pornography in the state of Washington, and some of the images came from websites registered in foreign countries. Construing that evidence in the government's favor, a rational trier of fact could have concluded that the government proved that the images were "mailed, or ... shipped or transported in

by 9th Cir. R. 36–3.

interstate or foreign commerce." 18 U.S.C. § 2252(a)(4)(B). Given this conclusion, we need not determine whether use of the internet by itself satisfies the government's burden of proving the requisite interstate nexus under section 2252(a)(4)(B).

Construing the facts in the light most favorable to the prosecution, there was sufficient evidence presented to sustain the district court's conclusion that the images found in Gouin's possession were the same pictures as those taken in other states. There was sufficient evidence in the record to sustain the district court's rejection of Gouin's argument that the compression of images and addition of watermarks significantly altered the pictures in question. The government presented testimony from federal and state agents who specifically identified the images as the same as the images produced in other states.

**AFFIRMED.**

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.